**NOT FOR PUBLICATION**     <u>    </u>**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BARBARA LINDSEY | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ A. No. 08-2506 (SRC) |
| v. | : | |
| | : | **OPINION** |
| WACHOVIA BANK and | : | |
| ELIZABETH MAUGHAN | : | |
| | : | |
| Defendants. | : | |

**<u>Chesler, U.S.D.J.</u>**

This matter comes before the Court on the motion to dismiss or, in the alternative, for summary judgment [Docket Entry No. 6] filed by Defendants Wachovia Bank ("Wachovia") and Elizabeth Maughan ("Maughan") (collectively "the Defendants"). For the reasons set forth below, the Court grants Defendants' motion to dismiss the claims asserted against Maughan and grants summary judgment as to the claims asserted against Wachovia.

**I. Background**

This case arises out of a dispute over the termination of Plaintiff's employment. The following facts are undisputed. On or about November 25, 2002, Defendant Wachovia Bank hired Plaintiff Barbara Lindsey ("Plaintiff") as a service banker at it Main Financial Center location in South Orange, New Jersey. On May 11, 2007, while Plaintiff was out of the office on vacation, Plaintiff's manager, Kathleen Buchner, received a telephone call from a mortgage

company seeking re-verification of deposit on a prior Verification of Deposit ("VOD") which was issued by Wachovia and bore Plaintiff's signature. Based on the information provided by a representative of the mortgage company during the phone conversation, Ms. Buchner determined that the VOD contained incorrect information. Specifically, the VOD reported that the savings account in question had a "current" balance of $33,221.05 on May 1, 2007, that it had an average balance for the preceding two months of $29,672.00, and that the account had been opened on February 2nd of an illegible year. Contrary to what was stated in the VOD signed by Plaintiff, the Wachovia computer system reflected that the account in question had been opened on April 30, 2007 with a deposit of $100.00. According to Wachovia's computer records, the account contained only $100.00 on May 1, 2007, the date of the VOD. Upon finding these discrepancies, this information was forwarded to Laura Sisto, a Corporate Fraud Investigator at Wachovia, and to Kim Allen, a Human Resources Advisor at Wachovia.

When Plaintiff returned from vacation on May 22, 2007, Ms. Buchner and Ms. Sisto met with Plaintiff to discuss the discrepancies found on the AOD. Initially, Plaintiff stated that the handwriting on the VOD was not hers and that she still had the original document for the purposes of comparison. After Ms. Buchner and Ms. Sisto reviewed the original, they concluded that the original was identical to the copy sent to the mortgage company by Plaintiff. Upon further review of all of the VODs which Plaintiff had completed since January 19, 2007, Ms. Sisto found two additional VODs for the account at issue. On those VODs, Plaintiff reported that the account had been opened on October 19, 2005 and had current balances of $46,539 and $33,221 respectively. In addition, Ms. Sisto found four VODs for a separate checking account wherein Plaintiff had reported that the account had a current balance respectively of $25,000 on April 25, 2007, $41,569 on April 26, 2007, $46,365 on April 26, 2007 and $67,000 on April 26,

2007. According to Wachovia's records, the balance on this account never exceeded $2,000 on April 25th and had an ending balance of $166.43 on April 26th.

Ms. Sisto and Ms. Buchner subsequently confonted Plaintiff regarding the numerous discrepancies found in her VOD file. Plaintiff admitted that she had submitted inaccurate information on the documents, but maintained that she was only trying to help out a "good" customer who had assured Plaintiff that he would make a deposit into the account. (Certification of Kathleen Buchner ¶ 22.) There is no record to indicate that the promised deposit occurred. Pursuant to the investigation, Ms. Sisto and Ms. Buchner concluded that Plaintiff had falsified bank records in violation of Wachovia's Code of Conduct and Ethics. As a result, Plaintiff's employment was terminated on May 22, 2007.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Wachovia discriminated against her on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623 *et seq*. Wachovia responded to the EEOC charge by filing a Statement of Position, drafted by Defendant Elizabeth Maughan, a Senior Employment Compliance Consultant at Wachovia. On February, 28, 2008, the EEOC dismissed Plaintiff's charge and issued a Notice of Rights letter to Plaintiff. On May 20, 2008, Plaintiff filed a Complaint in this Court, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*., alleging discrimination based on Plaintiff's sex. Among the relief sought is a judgment in the amount of the pension payments that would have been due had she retired from her position at Wachovia after June 1, 2007, the date upon which Plaintiff was entitled to collect her pension. Defendants have moved to dismiss or, in the alternative, for summary judgment.

**II. Discussion**

    **A. *Pro Se* Standard of Review**

Plaintiff proceeds *pro se* in this action. It is well settled that a *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Our jurisprudence directs that a *pro se* complaint should be dismissed at this stage of the litigation only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir.1996) (quoting Haines, 404 U.S. at 520).

    **B. Motion to Dismiss Under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Accordingly, "[t]he defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)).

### C. Motion for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v.

Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**D. Defendants' Motion to Dismiss**

Defendants first move to dismiss Plaintiff's claims against Defendant Maughan. Defendants contend that dismissal is proper as to those claims against Maughan because neither Title VII nor the ADEA provide for individual liability. Plaintiff makes no argument in response.

The Court dismisses Plaintiff's claims against Maughan because Plaintiff has offered no facts to support a finding that Maughan, in her role as Senior Employment Compliance Consultant, had anything to do with Plaintiff's termination. In fact, nowhere outside of the case caption does Plaintiff even mention Maughan, nevermind assert facts sufficient to put Maughan on notice of the claims asserted against her and the facts underlying those claims. Moreover, Title VII and the ADEA only permit causes of action against the employer, not against an individual employee. See Sheridan v. E.I. DuPon De Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996) ("...Congress did not intend to hold individual employees liable under Title VII."); Hill v. Borough of Kutztown, 455 F.3d 25, 249 n.29 (3d Cir. 2006) ("...the ADEA does not provide for individual liability."). Therefore, the Court dismisses Plaintiff's claims against Defendant Elizabeth Maughan.

**E. Defendants' Motion for Summary Judgment**

Defendants next move for summary judgment on Plaintiff's employment discrimination claims. In opposition, Plaintiff filed a two-page letter brief.

All disparate treatment[1] claims for employment discrimination under federal law are analyzed by application of the McDonnell Douglas test:

> The Court in *McDonnell Douglas* set forth a burden-shifting scheme for discriminatory-treatment cases. Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. If the employer meets this burden, the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual. The Courts of Appeals have consistently utilized this burden-shifting approach when reviewing motions for summary judgment in disparate-treatment cases.

Raytheon Co. v. Hernandez, 540 U.S. 44, 50 (2003) (citations omitted).

To establish a prima facie case of discrimination under Title VII and the ADEA, a plaintiff must make a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003). If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to "articulate some legitimate, non-discriminatory reason" for the employer's action. McDonnell Douglas, 411 U.S.

---

[1] A disparate treatment case is one in which the employer treats some people less favorably than others because of their membership in a protected class. See Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977).

792, 802 (1973). The employer may satisfy the burden by introducing evidence which, taken as true, would allow the factfinder to conclude that there was a nondiscriminatory reason for the unfavorable employment decision. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). The employer need not prove that the tendered reason actually motivated the decision. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). The burden of proving intent remains with the Plaintiff. Id.

If the defendant employer satisfies the burden, then "the plaintiff must 'submit evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated reasons or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" Fakete v. Aetna, 308 F.3d 335, 338 n.3 (3d Cir. 2002). The plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow the factfinder to infer that each of the employer's proffered nondiscriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).

At this stage, the burden has shifted back to the plaintiff, and the plaintiff must show, by a preponderance of the evidence, that the employer's explanation is pretextual. Id. "The test is whether the plaintiff ultimately persuades the factfinder that the employment decision was caused by bias" and that the real reason for the employer's adverse employment decision is discrimination. Id.

Defendants contend that Plaintiff has failed to make out a prima facie case of employment discrimination. (Defendants Brief at 7.) They concede that Plaintiff is a member of a protected class (a woman over forty years old). Yet, Defendants "dispute[] that Lindsey was

terminated under circumstances giving rise to an inference of discrimination." (Id.)  The Court, however, need not reach the question of whether Plaintiff has made out a prima facie case of employment discrimination because, even if Plaintiff could make out a prima facie case, Plaintiff has still failed to defeat Defendant's motion for summary judgment under the burden shifting test announced in McDonnell Douglas.

      Defendants submit that the falsification of bank records violates Wachovia's established Code of Conduct and Ethics and is punishable by immediate dismissal under Wachovia's Corrective Action Policy.  (Id.)  Plaintiff does not dispute this, but alleges that other employees who have "knowingly performed unethical practices" were placed on administrative leave rather than terminated.  (Plaintiff's Opposition Brief at 2.)  However, Plaintiff offers no support for this claim.  The evidence proffered by Defendants regarding violations of the Code of Conduct and Ethics, taken as true, clearly would allow a factfinder to conclude that there was a nondiscriminatory reason for Plaintiff's termination.  Under McDonnell Douglas, the burden then shifts to Plaintiff to submit evidence to show that the employer's proffered nondiscriminatory reasons are pretextual.  It is clear that Plaintiff disagrees with the decision by Wachovia to terminate her employment based on her actions, however, Plaintiff has failed to submit any evidence to demonstrate that Wachovia's rationale for terminating her – falsification of bank records – is a pretext for discrimination based on her sex or age.  Rather, falsifying important bank records is clearly among those actions for which a factfinder could conclude that immediate termination of employment is permissible.  Having failed to show that Wachovia's rationale for terminating Plaintiff's employment was pretextual, Defendants' motion for summary judgment on the Title VII and ADEA claims must be granted.

**III. Conclusion**

For the reasons stated above, Defendants' motion to dismiss the Title VII and ADEA claims asserted against Elizabeth Maughan is granted, and Defendants' motion for summary judgment on the Title VII and ADEA causes of action asserted against Wachovia Bank is granted [Docket Entry No. 6]. Plaintiff's claims against Maughan are dismissed with prejudice and judgment is entered in favor of Wachovia Bank. An appropriate Order follows this Opinion.

        s/ Stanley R. Chesler
Stanley R. Chesler,
United States District Judge

Dated: March 17, 2009